# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

July 9, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TIMOTHY MILLIGAN,**
**Claimant Below, Petitioner**

**vs.)    No. 18-0919** (BOR Appeal No. 2052830)
(Claim No. 2016027012)

**BLUE CREEK MINING, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Timothy Milligan, by Counsel Edwin H. Pancake, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Blue Creek Mining, LLC, by Counsel Steven K. Wellman, filed a timely response.

The issues on appeal are medical benefits, temporary total disability benefits, and an additional compensable condition. The claims administrator denied authorization of bilateral lumbar facet injections from L2-L4 on November 11, 2016. By Order dated July 13, 2017, the claims administrator closed the claim for temporary total disability benefits, and by Order dated August 8, 2017, the claims administrator denied the addition of closed nondisplaced fracture of the fifth right metacarpal to the claim. The Office of Judges affirmed the decisions in its March 27, 2018, Order. The Order was affirmed by the Board of Review on September 20, 2018.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. We affirm the Board of Review's decision denying lumbar facet injections, but we reverse the Board of Review's decision denying the addition of closed nondisplaced fracture of the fifth right metacarpal to the claim. For the errors upon which we reverse, this case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Milligan, a roof bolter, was injured in the course of his employment on April 20, 2016, when he tripped and fell over a block. The Employees' and Physicians' Report of Injury indicates Mr. Milligan sustained injuries to his right shoulder, lower back, left elbow, and right-knee. Robert McCleary, M.D., completed the physicians' section and diagnosed shoulder and lumbar sprains/strains. The claim was held compensable for right-shoulder strain and lumbar strain on May 6, 2016. A lumbar MRI was performed on July 1, 2016, and showed a foraminal protrusion at L2-3, a protrusion at L3-4, and foraminal narrowing at L2-3 and L3-4.

Prasadarao Mukkamala, M.D., performed an independent medical evaluation on August 16, 2016, in which he diagnosed lumbar sprain and right-shoulder sprain due to the compensable injury. He opined that the lumbar sprain was healed but Mr. Milligan was still in physical therapy for the right shoulder. He was unable to return to work and was limited to sedentary activities. Dr. Mukkamala stated that he could return to full duty in three weeks, after his physical therapy was completed.

In an August 17, 2016, treatment note, Chong Kwan Kim, M.D., noted that Mr. Milligan has had low back pain since the compensable injury. He diagnosed low-back pain, right-leg pain, lumbar sprain, and right shoulder pain. Mr. Milligan saw Dr. Kim prior to the compensable injury. In a March 9, 2016, treatment note, he noted that Mr. Milligan reported bilateral-ankle pain that had been present since a 1991 motor vehicle accident. He also reported pain in his lower back and down both legs. Dr. Kim diagnosed bilateral-leg pain, low-back pain, and ankle pain.

Mr. Milligan returned to Dr. McCleary on August 29, 2016, with complaints of a lumbar sprain and right-shoulder pain that had not improved with physical therapy. Dr. McCleary assessed lumbar sprain and right-rotator-cuff sprain. He recommended physical therapy and injections. On September 26, 2016, Dr. Kim stated that Mr. McCleary saw 40% improvement in his lower back pain with injections. It was noted that surgery was not recommended. Dr. Kim diagnosed low-back pain, right-leg pain, right-shoulder pain, and lumbar sprain.

On September 30, 2016, Dr. McCleary noted that Mr. Milligan underwent physical therapy and injections for the right shoulder with no benefit. He also still had spasms in the lumbar spine. Dr. McCleary diagnosed lumbar and rotator-cuff sprains. He recommended right-shoulder surgery, pain management, and physical therapy for the lumbar spine. Mr. Milligan remained off of work. On November 2, 2016, Dr. McCleary noted that Mr. Milligan was to continue physical therapy for the right shoulder and lower back and a functional capacity evaluation was ordered. He remained off of work.

Richard Kaplan, M.D., performed a record review on November 11, 2016, in which he found that the clinical findings do not support lumbar-facet injections. He stated that such injections are indicated in cases where the history and physical examination findings are probable for localized-facet pain. He found that the medical records in this case indicate Mr. Milligan has a lumbar sprain and no examination showed facet-mediate pain. He found that neither the treatment guidelines nor the medical record support lumbar-facet injections. The claims administrator denied bilateral lumbar facet injections from L2-L4 on November 11, 2016.

Mr. Milligan testified in a January 24, 2017, deposition that he tripped over a block and fell at work, injuring his knee, left wrist, back, and shoulder. The knee and wrist were superficial injuries. He also tore his rotator-cuff and had it repaired on December 29, 2017. He was currently in physical therapy. Mr. Milligan stated that he had several injections for his lower-back pain. The injections helped but the pain had returned. He also had pain in the backs of his legs that he attributed to restless-leg syndrome.

Mr. Milligan returned to Dr. McCleary on June 14, 2017, for the new problem of a hand fracture. He stated that on June 9, 2017, he was moving weights around at work conditioning and dropped a weight onto his right hand. Dr. McCleary diagnosed closed, nondisplaced fracture of the neck of the fifth metacarpal bone. On June 21, 2017, Dr. McCleary noted that Mr. Milligan was unable to do his work conditioning due to a hand injury. It was noted that he was a vocational rehabilitation candidate. Mr. Milligan still had some spasms in his lower back. Dr. McCleary recommended an independent medical evaluation and vocational rehabilitation. On July 12, 2017, it was noted that the hand fracture was healing well. The claims administrator closed the claim for temporary total disability benefits on July 13, 2017.

In a July 25, 2017, independent medical evaluation, Dr. Mukkamala found that spinal injections were aimed at treating noncompensable, degenerative spondyloarthropathy. He found that Mr. Milligan had reached maximum medical improvement and assessed 6% impairment for the lumbar spine. The claims administrator granted a 10% permanent partial disability award, representing 6% for the lumbar spine and 4% for the right shoulder, on July 25, 2017. On August 8, 2017, it denied the addition of closed-nondisplaced fracture of the fifth-right-metacarpal to the claim.

Mr. Milligan testified in a deposition on September 28, 2017, that he tripped over a block when his miner's light died. He stated that he had surgery on his right shoulder. In the course of physical therapy, he dropped a weight on his right hand. He did not report the injury at first because there was no one present to report it to, and he did not believe it was broken at the time. Mr. Milligan stated that he has no pain in the hand but that his knuckle is deformed and he cannot straighten his pinky finger out. He also stated that he has grip weakness in his right-pinky finger. He was currently not working due to lower-back pain.

Bruce Guberman, M.D., performed an independent medical evaluation on October 17, 2017, in which he diagnosed chronic-post-traumatic strain of the lumbosacral spine superimposed on preexisting-degenerative changes; chronic-post-traumatic strain of the right shoulder with rotator-cuff tear; improved left-elbow contusion; and improved-thoracic strain. He found a number of range of motion abnormalities in the lumbar spine and right shoulder. He opined that Mr. Milligan had reached maximum medical improvement and assessed 8% lumbar spine impairment and 7% right shoulder impairment for a total of 14% whole person impairment. Dr. Guberman noted that Mr. Milligan broke his pinky-finger during work conditioning and opined that the condition should be held compensable.

The Office of Judges affirmed the claims administrator's decisions in its March 27, 2018, Order. In regard to the requested lumbar-facet injections, the Office of Judges determined that Dr. Kim requested the treatment. Dr. Kim reported that Mr. Milligan had lower-back pain radiating into the buttocks, suggestive of probable, facet-mediated pain. The Office of Judges noted that lumbar-facet injections are indicated when the history and physical examination show probable localized-facet-mediated pain. It further found that West Virginia guidelines note that there should be no indication of radicular pain, spinal stenosis, or a prior-spinal fusion. In this case, Mr. Milligan has been diagnosed with a lumbar sprain and there is no history of physical examination suggestive of facet-mediated pain. Therefore, the Office of Judges concluded that the medical records and

treatment notes do not support lumbar-facet injections. The Office of Judges noted that Mr. Milligan saw Dr. Kim prior to the compensable injury. On March 9, 2016, Mr. Milligan reported to Dr. Kim that he had pain in his back that radiated down to his ankles. Dr. Kim diagnosed bilateral-leg pain, low-back pain, and ankle pain. The Office of Judges concluded that Mr. Milligan had preexisting-lower-back pain which is more than likely a result of preexisting-degenerative conditions. It found Dr. Mukkamala's finding, that the requested lumbar-facet injections were aimed at treating noncompensable-degenerative changes, to be persuasive.

Regarding temporary total disability benefits, the Office of Judges held that Mr. Milligan failed to submit evidence showing that he was temporarily and totally disabled. Though he testified in his deposition that he was unable to return to work, he submitted no medical evidence in support.

Lastly, the Office of Judges determined that nondisplaced fracture of the neck of the fifth metacarpal of the right hand should not be added to the claim. On June 9, 2017, Mr. Milligan alleged that he dropped a weight on his right hand during work conditioning. He did not report the injury to the facility where the injury allegedly occurred. He also failed to seek treatment for several days. He testified that he sought treatment when he was at the hospital visiting his father in law. Five days later, he reported the injury to Dr. McCleary. The Office of Judges concluded that a preponderance of the evidence failed to show that Mr. Milligan sustained a fracture of his pinky finger in the course of and resulting from his employment. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on September 20, 2018.

After review, we find that the Board of Review was correct to deny lumbar-facet injections as they are aimed at treating noncompensable conditions. However, the Board of Review arrived at an erroneous conclusion of law regarding the hand fracture. Delay in reporting an injury is a factor to be considered regarding compensability but is not the determining factor. Nondisplaced-fracture of the neck of the fifth metacarpal of the right hand should be added to the claim and temporary total disability benefits should be granted as warranted by the medical evidence. Mr. Milligan testified that he broke his hand during work conditioning. He did not immediately report the injury because he did not realize that he had broken a bone. However, when the swelling increased and his hand stiffened, he sought medical treatment and reported the injury to his treating physician, Dr. McCleary. A preponderance of the evidence indicates that the fracture occurred during the course of and resulting from Mr. Milligan's work-hardening program. The employer presented no evidence contradicting Mr. Milligan's claim. The condition should therefore be added to the claim. Further, because he was temporarily and totally disabled from working due to the hand fracture, temporary total disability benefits should be granted for that period of time.

For the foregoing reasons, we affirm the Board of Review's decision insofar as it denied lumbar-facet injections. We reverse the decision insofar as it denied the addition of nondisplaced fracture of the neck of the fifth metacarpal of the right hand to the claim and closed the claim for temporary total disability benefits. We remand with instructions to hold the claim compensable for nondisplaced fracture of the neck of the fifth metacarpal of the right hand and authorize temporary total disability benefits as indicated by the medical evidence.

Affirmed, in part; Reversed; in part, and remanded.

**ISSUED: July 9, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice John A. Hutchison

**CONCURRING IN PART AND DISSENTING IN PART:**

Justice Evan H. Jenkins
Justice Evan H. Jenkins concurs with the majority's decision to affirm the denial of lumbar-facet injections, but dissents from the majority's decision regarding the compensability of the right hand injury and would affirm the decision of the Board of Review that denied the addition of nondisplaced fracture of the neck of the fifth metacarpal of the right hand to the claim and closed the claim for temporary total disability benefits.